**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

------------------------------------

| | |
|---|---|
| IMG COLLEGE, LLC | : |
| | : |
| COWBOY SPORTS MARKETING, LLC | : CIVIL ACTION NO. 1:25-cv-24216 |
| | : |
| CRIMSON TIDE SPORTS MARKETING, LLC, *and* | : |
| | : |
| | : **COMPLAINT FOR BREACH OF** |
| CYCLONE SPORTS MARKETING, LLC | : **CONTRACT AND UNJUST** |
| | : **ENRICHMENT** |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| COWBOY NATION SPORTS MARKETING, LLC *d/b/a* PoetrYY Finance, | : |
| | : |
| GOLD SPHERE SPORTS MARKETING, LLC *d/b/a* PoetrYY Finance, | |
| | |
| BIG BLUE SPORTS MARKETING, LLC *d/b/a* PoetrYY Finance, | |
| | |
| VICTORY TOWN SOLUTIONS, LLC *d/b/a* PoetrYY Finance, | |
| | |
| GREEN MOUNTAIN SPORTS MARKETING LLC *d/b/a* PoetrYY Finance, *and* | |
| | |
| NU HORIZON ENTERPRISES, LLC *d/b/a* POETRYY FINANCE, INC. | |
| | |
| Defendants. | |

------------------------------------

Plaintiffs  IMG College, LLC ("IMG College"), Cowboy Sports Marketing, LLC ("Cowboy Sports"), Crimson Tide Sports Marketing, LLC ("Crimson Tide") and Cyclone Sports Marketing, LLC  ("Cyclone Sports") (collectively "Plaintiffs" or "Learfield"), for their complaint against

27374182 v6

Defendants Cowboy Nation Sports Marketing, LLC ("Cowboy Nation"), Gold Sphere Sports Marketing, LLC ("Gold Sphere"), Big Blue Sports Marketing, LLC ("Big Blue"), Victory Town Solutions, LLC ("Victory Town"), Green Mountain Sports Marketing LLC ("Green Mountain"), and NU Horizon Enterprises LLC ("PoetrYY Finance"), all doing business as alter egos known as PoetrYY Finance Inc. (collectively, "Defendants" or "PoetrYY"), states as follows:

## NATURE OF THE ACTION

1. This action arises from Defendants' breach of contract in repudiating several multi-year sponsorship agreements they signed with Learfield between April and July 2024 (collectively, the "Sponsorship Agreements"). Having agreed to pay $14 million over a number of years, Defendants managed to pay only a small fraction of that amount, then stopped paying entirely.

2. Defendant PoetrYY Finance enjoyed the benefits of all the agreements — recognition as a sponsor associated with many of the biggest names in college sports — but its alter-ego subsidiaries have failed to pay Learfield what they owe, without any excuse or explanation.

3. Learfield is a sports marketing agency that, among many other things, provides businesses with sponsorship opportunities at universities across the country.

4. Defendants are PoetrYY alter egos, each owned and entirely controlled with no independent existence of their own outside of the PoetrYY parent, who have separate contractual agreements with Learfield affiliates to receive various sponsorship opportunities and specific inventory items at various collegiate athletic departments across the country in exchange for substantial quarterly payments commensurate with the fame and high reputations of those sports programs payment (the "Sponsorship Fee").

5. Each of Defendants Cowboy Nation, Gold Sphere, Big Blue, Victory Town, and Green Mountain actively operates under the d/b/a of "PoetrYY Finance."

27374182 v6

6. Plaintiffs are informed and believe that PoetrYY Finance itself, the parent company, is not a corporation as it holds itself out on its website, but an LLC with the real name NU Horizon Enterprises, LLC.

7. Although Defendants and their parent company received the benefit of the collegiate sponsorship opportunities provided by Learfield, Defendants have failed to pay Learfield what they owe under their respective contracts. Four of them have paid nothing at all, and as a group they are in arrears for value received to the extent of $1,352,573 as of June 13, 2025.

8. By total nonpayment (with the sole exception being a few payments occurring in the fall of 2024), Defendants have repudiated their agreements and by stipulation, are liable for the full value of each contract for its entire term, an amount that totals nearly fourteen million dollars.

**PARTIES**

9. Learfield incorporates the previous paragraphs as if fully rewritten herein.

10. All of the Learfield Plaintiffs are indirectly owned in their entirety by a Delaware corporation, Learfield Intermediate HoldCo Corp., which has its principal place of business in Dallas, Texas.

11. Cowboy Nation is a Florida limited liability company organized and existing under the laws of Florida, with its principal place of business located at 3340 Peachtree Road, Suite 1800, Atlanta, Georgia 30326.

12. Gold Sphere is a Florida limited liability company organized and existing under the laws of Florida, with its principal place of business located at 3340 Peachtree Road, Suite 1800, Atlanta, Georgia 30326.

3
27374182 v6

13. Big Blue is a Florida limited liability company organized and existing under the laws of Florida, with its principal place of business located at 111 NW 183rd Street, Suite 109, Miami Gardens, Florida 33169.

14. Victory Town is a Florida limited liability company organized and existing under the laws of Florida, with its principal place of business located at 3340 Peachtree Road, Suite 1800, Atlanta, Georgia 30326.

15. On information and belief, Green Mountain is the pseudonym of a Florida limited liability company organized and existing under the laws of Florida, with its principal place of business in Miami Gardens, Florida.

16. PoetrYY Finance Inc. is the pseudonym of the operating business that benefited from all the sponsorships addressed in this litigation.  Plaintiffs are informed and believe that it is a Florida LLC, NU Horizon Enterprises, LLC, with a principal place of business in Miami Gardens, Florida.

17. Plaintiffs are informed and believe that all the Defendants are wholly owned by corporations and/or individuals who are citizens of Florida.

## JURISDICTION AND VENUE

18. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(2), as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

19. This Court has personal jurisdiction over Defendants as each Defendant is organized and exists under the laws of the state of Florida.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to this Court's personal jurisdiction.

27374182 v6

**FACTUAL BACKGROUND**

21. Learfield incorporates the previous paragraphs as if fully rewritten herein.

22. On April 3, 2024, PoetrYY Finance (under that name) and Learfield affiliate Crimson Tide entered into a Marketing & Sponsorship Agreement ("PoetrYY Finance Agreement"), under which Learfield, through its affiliate, provided PoetrYY Finance with various collegiate marketing and sponsorship opportunities at the University of Alabama. A copy of the PoetrYY Finance Agreement is attached hereto as **Exhibit A**.

23. On July 1, 2024, now using the alter ego Victory Town, PoetrYY entered into two further Marketing & Sponsorship Agreements ("Victory Town Agreement #164-262423" & "Victory Town Agreement #164-281319", collectively, the "Victory Town Agreements") with Learfield affiliate Crimson Tide.  Under the Victory Town Agreements, Learfield, through its affiliate, provided Victory Town with various collegiate marketing and sponsorship opportunities at the University of Alabama. A copy of the Victory Town Agreements is attached hereto as **Exhibit B**.

24. Also on July 1, 2024, Big Blue and Learfield affiliate IMG College entered into a Marketing & Sponsorship Agreement ("Big Blue Agreement") under which Learfield, through its affiliate, provided Big Blue with various collegiate marketing and sponsorship opportunities at Duke University. A copy of the Big Blue Agreement is attached hereto as **Exhibit C**.

25. Also on July 1, 2024, Cowboy Nation and Learfield affiliate Cowboy Sports entered into a Marketing & Sponsorship Agreement ("Cowboy Nation Agreement") under which Learfield, through its affiliate, provided Cowboy Nation with various collegiate marketing and sponsorship opportunities at Oklahoma State University. A copy of the Cowboy Nation Agreement is attached hereto as **Exhibit D**.

27374182 v6

26. Also on July 1, 2024, Gold Sphere and Learfield affiliate Cyclone Sports entered into a Marketing & Sponsorship Agreement ("Gold Sphere Agreement"), under which Learfield, through its affiliate, provided Gold Sphere with various collegiate marketing and sponsorship opportunities at Iowa State University. A copy of the Gold Sphere Agreement is attached hereto as **Exhibit E**.

27. Also on July 1, 2024, Green Mountain and Learfield affiliate IMG College entered into a Marketing & Sponsorship Agreement ("Green Mountain Agreement"), under which Learfield, through its affiliate, provided Green Mountain with various collegiate marketing and sponsorship opportunities at Marshall University. A copy of the Green Mountain Agreement is attached hereto as **Exhibit F**.

28. Pursuant to the individual Sponsorship Agreements listed in paragraphs 22 through 27, Learfield provided sponsorship opportunities to the Defendants, including but not limited to digital and print marketing, intellectual property rights, and abundant opportunities to promote the PoetrYY Finance brand at the respective universities' athletic facilities.

29. Each Sponsorship Agreement includes a detailed installment billing schedule, clearly detailing the invoice dates and amount of Sponsorship Fee due under the Sponsorship Agreement term.

30. While Learfield performed all of their material obligations under the respective Sponsorship Agreements, Defendants have failed to meet their financial obligations — in many cases, making no payment at all for an entire year's worth of value.

31. Learfield and its affiliates have repeatedly reached out to Defendants seeking payment for the unpaid Sponsorship Fees, to no avail.

32. Defendants failed to respond to Learfield's requests for payment or provide a reasonable explanation for their material breach.

27374182 v6

33. As a result of Defendants' breach and lack of communication, which amounted to clear repudiation, on July 21, 2025, Learfield sent Defendants a letter notifying them of the termination of all Sponsorship Agreements ("Termination Letter"). A copy of the Termination Letter is attached hereto as **Exhibit G**.

34. Pursuant to the express terms of the Sponsorship Agreements, due to Defendants' repudiation, Learfield is entitled to all payments due under the Sponsorship Agreements, whether the amounts involved accrued before or after the termination of the Sponsorship Agreements.

35. As a result of Defendants' breach, Learfield has suffered damages in the amount of the full value of the contracts, $13,812,652, plus interest, court costs, and other such relief as allowable by law.

**<u>COUNT ONE</u>**
**BREACH OF CONTRACT**
(Victory Town Solutions, LLC and alter ego PoetrYY Finance)

36. Learfield incorporates the previous paragraphs as if fully rewritten herein.

37. The Victory Town Agreements are valid and binding agreements.

38. Under the Victory Town Agreements, Crimson Tide provided Victory Town with sponsorship and marketing opportunities at the University of Alabama, including but not limited to digital and print advertising, intellectual property rights, and athletic facility signage.

39. In exchange for these opportunities, Victory Town agreed to pay annual Sponsorship Fees to Crimson Tide according to the installment billing schedule in the Victory Town Agreements.

40. As of the date that this Complaint was filed, Victory Town has failed to pay Learfield an overdue balance of $381,984.

41. Victory Town has materially breached the Victory Town Agreements by failing to pay the outstanding Sponsorship Fee by the required deadlines, and by its conduct in failing to give assurances has repudiated the contract.

42. Under the express terms of the Victory Town Agreements, due to Victory Town's repudiation, Crimson Tide is entitled to the full unpaid contractual value of the Victory Town Agreements.

43. Defendant PoetrYY Finance dominated and controlled Victory Town such that Victory Town was merely an instrumentality or alter ego of PoetrYY Finance.

44. Upon information and belief, PoetrYY Finance purposely undercapitalized Victory Town, ensuring that Victory Town lacked sufficient assets to meet its contractual obligations.

45. PoetrYY Finance used Victory Town as a sham entity and as a device to avoid liability, shifting the risk of loss while personally reaping the benefits of the Victory Town Agreements.

46. As a direct and proximate result of Victory Town's breach, Crimson Tide has incurred damages, including but not limited to lost profits, and is entitled to receive from Victory Town and PoetrYY Finance at least $3,637,929, plus interest, attorneys' fees, court costs, and such other relief as allowable by law.

<u>**COUNT TWO**</u>
**BREACH OF CONTRACT**
(Big Blue Sports Marketing LLC and alter ego PoetrYY Finance)

47. Learfield incorporates the previous paragraphs as if fully rewritten herein.

48. The Big Blue Agreement is a valid and binding agreement.

49. Under the Big Blue Agreement, IMG College provided Big Blue with sponsorship and marketing opportunities at Duke University, including but not limited to digital and print advertising, intellectual property rights, and athletic facility signage.

50. In exchange for these opportunities, Big Blue agreed to pay annual Sponsorship Fees to IMG College according to the installment billing schedule in the Big Blue Agreement.

51. To date, Big Blue has failed to pay any portion of the Sponsorship Fees due to IMG College.

52. As of the date that this Complaint was filed, Big Blue has failed to pay IMG College an overdue balance of $350,000.

53. Big Blue has materially breached the Big Blue Agreement by failing to pay the outstanding Sponsorship Fee by the required deadlines, and by its conduct in failing to give assurances has repudiated the contract.

54. Under the express terms of the Big Blue Agreement, due to Big Blue's repudiation, IMG College is entitled to the full unpaid contractual value of the Big Blue Agreement.

55. Defendant PoetrYY Finance dominated and controlled Big Blue such that Big Blue was merely an instrumentality or alter ego of PoetrYY Finance.

56. Upon information and belief, PoetrYY Finance purposely undercapitalized Big Blue, ensuring that Big Blue lacked sufficient assets to meet its contractual obligations.

57. PoetrYY Finance used Big Blue as a sham entity and as a device to avoid liability, shifting the risk of loss while personally reaping the benefits of the Big Blue Agreement.

58. As a direct and proximate result of Big Blue's breach, IMG College has incurred damages, including but not limited to lost profits, and is entitled to receive from Big Blue and PoetrYY Finance at least $3,704,039, plus interest, attorneys' fees, court costs, and such other relief as allowable by law.

## COUNT THREE
## BREACH OF CONTRACT
(Cowboy Nation Sports Marketing, LLC and alter ego PoetrYY Finance)

59. Learfield incorporates the previous paragraphs as if fully rewritten herein.

60. The Cowboy Nation Agreement is a valid and binding agreement.

61. Under the Cowboy Nation Agreement, Cowboy Sports provided Cowboy Nation with sponsorship and marketing opportunities at Oklahoma State University, including but not limited to digital and print advertising, intellectual property rights, and athletic facility signage.

62. In exchange for these opportunities, Cowboy Nation agreed to pay annual Sponsorship Fees to Cowboy Sports according to the installment billing schedule in the Cowboy Nation Agreement.

63. To date, Cowboy Nation has failed to pay any portion of the Sponsorship Fees due to Cowboy Sports.

64. As of the date that this Complaint was filed, Cowboy Nation has failed to pay Cowboy Sports an overdue balance of $230,000.

65. Cowboy Nation has materially breached the Cowboy Nation Agreement by failing to pay the outstanding Sponsorship Fee by the required deadlines, and by its conduct in failing to give assurances has repudiated the contract.

66. Under the express terms of the Cowboy Nation Agreement, due to Cowboy Nation's repudiation, Cowboy Sports is entitled to the full unpaid contractual value of the Cowboy Nation Agreement.

67. Defendant PoetrYY Finance dominated and controlled Cowboy Nation such that Cowboy Nation was merely an instrumentality or alter ego of PoetrYY Finance.

68. Upon information and belief, PoetrYY Finance purposely undercapitalized Cowboy Nation, ensuring that Cowboy Nation lacked sufficient assets to meet its contractual obligations.

69. PoetrYY Finance used Cowboy Nation as a sham entity and as a device to avoid liability, shifting the risk of loss while personally reaping the benefits of the Cowboy Nation Town Agreement.

70. As a direct and proximate result of Cowboy Nation's breach, Cowboy Sports has incurred damages, including but not limited to lost profits, and is entitled to receive from Cowboy Nation and PoetrYY Finance at least $2,518,439, plus interest, attorneys' fees, court costs, and such other relief as allowable by law.

## COUNT FOUR
## BREACH OF CONTRACT
(Gold Sphere Sports Marketing, LLC and alter ego PoetrYY Finance)

71. Learfield incorporates the previous paragraphs as if fully rewritten herein.

72. The Gold Sphere Agreement is a valid and binding agreement.

73. Under the Gold Sphere Agreement, Cyclone Sports provided Gold Sphere with sponsorship and marketing opportunities at Iowa State University, including but not limited to digital and print advertising, intellectual property rights, and athletic facility signage.

74. In exchange for these opportunities, Gold Sphere agreed to pay annual Sponsorship Fees to Cyclone Sports according to the installment billing schedule in the Gold Sphere Agreement.

75. To date, Gold Sphere has failed to pay any portion of the Sponsorship Fees due to Cyclone Sports.

76. As of the date that this Complaint was filed, Gold Sphere has failed to pay Cyclone Sports an overdue balance of $285,589.

77. Gold Sphere has materially breached the Gold Sphere Agreement by failing to pay the outstanding Sponsorship Fee by the required deadlines, and by its conduct in failing to give assurances has repudiated the contract.

11
27374182 v6

78. Under the express terms of the Gold Sphere Agreement, due to Gold Sphere's repudiation, Cyclone Sports is entitled to the full unpaid contractual value of the Gold Sphere Agreement.

79. Defendant PoetrYY Finance dominated and controlled Gold Sphere such that Gold Sphere was merely an instrumentality or alter ego of PoetrYY Finance.

80. Upon information and belief, PoetrYY Finance purposely undercapitalized Gold Sphere, ensuring that Gold Sphere lacked sufficient assets to meet its contractual obligations.

81. PoetrYY Finance used Gold Sphere as a sham entity and as a device to avoid liability, shifting the risk of loss while personally reaping the benefits of the Gold Sphere Agreement.

82. As a direct and proximate result of Gold Sphere's breach, Cyclone Sports has incurred damages, including but not limited to lost profits, and is entitled to receive from Gold Sphere at least $2,975,000, plus interest, attorneys' fees, court costs, and such other relief as allowable by law.

**COUNT FIVE**
**BREACH OF CONTRACT**
(Green Mountain Sports Marketing LLC and alter ego PoetrYY Finance)

83. Learfield incorporates the previous paragraphs as if fully rewritten herein.

84. The Green Mountain Agreement is a valid and binding agreement.

85. Under the Green Mountain Agreement, IMG College provided Green Mountain with sponsorship and marketing opportunities at Marshall University, including but not limited to digital and print advertising, intellectual property rights, and athletic facility signage.

86. In exchange for these opportunities, Green Mountain agreed to pay annual Sponsorship Fees to IMG College according to the installment billing schedule in the Green Mountain Agreement.

87. To date, Green Mountain has failed to pay any portion of the Sponsorship Fees due to IMG College.

88. As of the date that this Complaint was filed, Green Mountain has failed to pay IMG College an overdue balance of $90,000.

89. Green Mountain has materially breached the Green Mountain Agreement by failing to pay the outstanding Sponsorship Fee by the required deadlines, and by its conduct in failing to give assurances has repudiated the contract.

90. Under the express terms of the Green Mountain Agreement, due to Green Mountain's repudiation, IMG College is entitled to the full unpaid contractual value of the Green Mountain Agreement.

91. Defendant PoetrYY Finance dominated and controlled Green Mountain such that Green Mountain was merely an instrumentality or alter ego of PoetrYY Finance.

92. Upon information and belief, PoetrYY Finance purposely undercapitalized Green Mountain, ensuring that Green Mountain lacked sufficient assets to meet its contractual obligations.

93. PoetrYY Finance used Green Mountain as a sham entity and as a device to avoid liability, shifting the risk of loss while personally reaping the benefits of the Green Mountain Agreement.

94. As a direct and proximate result of Green Mountain's breach, IMG College has incurred damages, including but not limited to lost profits, and is entitled to receive from Green Mountain and PoetrYY Finance at least $963,245, plus interest, attorneys' fees, court costs, and such other relief as allowable by law.

**COUNT SIX**
**BREACH OF CONTRACT**
(PoetrYY Finance Inc.)

13
27374182 v6

95. Learfield incorporates the previous paragraphs as if fully rewritten herein.

96. The PoetrYY Finance Agreement is a valid and binding agreement.

97. Under the PoetrYY Finance Agreement, Crimson Tide provided PoetrYY Finance with sponsorship and marketing opportunities at the University of Alabama, including but not limited to digital and print advertising, intellectual property rights, and athletic facility signage.

98. In exchange for these opportunities, PoetrYY Finance agreed to pay annual Sponsorship Fees to Crimson Tide according to the installment billing schedule in the PoetrYY Finance Agreement.

99. To date, PoetrYY Finance has failed to pay any portion of the Sponsorship Fees due to Crimson Tide.

100.     As of the date that this Complaint was filed, PoetrYY Finance has failed to pay Crimson Tide an overdue balance of $15,000.

101.     PoetrYY Finance has materially breached the PoetrYY Finance Agreement by failing to pay the outstanding Sponsorship Fee by the required deadlines, and by its conduct in failing to give assurances has repudiated the contract.

102.     Under the express terms of the PoetrYY Finance Agreement, due to PoetrYY Finance's repudiation, Crimson Tide is entitled to the full unpaid contractual value of the PoetrYY Finance Agreement.

103.     As a direct and proximate result of PoetrYY Finance's breach, Crimson Tide has incurred damages, including but not limited to lost profits, and is entitled to receive from PoetrYY Finance at least $15,000, plus interest, attorneys' fees, court costs, and such other relief as allowable by law.

**COUNT SEVEN (*in the alternative*)**
**UNJUST ENRICHMENT**

104. Learfield incorporates the allegations in the previous paragraphs as if fully rewritten herein.

105. Learfield furnished collegiate marketing and sponsorship opportunities at various collegiate universities to Defendants, fully expecting payment for those opportunities and incurring detriments in the form of out-of-pocket costs, person-hours worked, allocated overhead, and forgone opportunities, including the opportunity to sell sponsorships to PoetrYY Finance's competitors.

106. PoetrYY Finance knew that Learfield was furnishing such services and received a benefit therefrom in the form of brand visibility, goodwill, digital and print advertising, intellectual property rights, and signage opportunities at the collegiate universities without payment to Learfield.

107. PoetrYY Finance retained the benefit conferred upon it by Learfield and all the revenue that PoetrYY Finance generated through sponsorship opportunities furnished by Learfield.

108. PoetrYY Finance has failed to compensate Learfield for the benefit conferred, despite Learfield's repeated demands.

109. Under the circumstances, it would be inequitable and unjust to allow PoetrYY Finance to retain the benefit conferred upon it by Learfield without adequate payment.

110. PoetrYY Finance is liable to Learfield on a quantum meruit basis and for restitution of expenses, in an amount of no less than $1,352,573.

## **PRAYER FOR RELIEF**

WHEREFORE, Learfield respectfully requests that this Court enter judgment against Defendants and issue an Order granting the following relief:

27374182 v6

i.     Damages for the Sponsorship Fee in a sum of $3,637,929 for breach of the Victory Town Agreements;

ii.     Damages for the Sponsorship Fee in a sum of $3,704,039 for breach of the Big Blue Agreement;

iii.     Damages for the Sponsorship Fee in a sum of $2,518,439 for breach of the Cowboy Nation Agreement;

iv.     Damages for the Sponsorship Fee in a sum of $2,975,000 for breach of the Gold Sphere Agreement;

v.     Damages for the Sponsorship Fee in a sum of $963,245 for breach of the Green Mountain Agreement;

vi.     Damages for the Sponsorship Fee in a sum of $15,000 for breach of the PoetrYY Finance Agreement;

vii.     Attorneys' fees and costs incurred by Learfield in enforcing Learfield's rights under the terms of the Sponsorship Agreements; and

viii.     Any such other relief this court deems just and proper.

27374182 v6

Respectfully submitted,

/s/  Jordan Zornes
JORDAN ZORNES (FL. #1039171)
JAMES E. VON DER HEYDT (OH #0090920)
(pro hac vice forthcoming)
ROGER A. BOYER (OH #0105095)
(pro hac vice forthcoming)
**BENESCH, FRIEDLANDER, COPLAN &**
  **ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  JZornes@beneschlaw.com
        JvonderHeydt@beneschlaw.com
        Rboyer@beneschlaw.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiff Learfield demands a jury trial on all claims and other issues so triable, by the maximum number of jurors permitted by law.

17
27374182 v6