**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

IMG COLLEGE, LLC,
COWBOY SPORTS PROPERTIES, LLC,
CRIMSON TIDE SPORTS MARKETING, LLC, and
CYCLONE SPORTS PROPERTIES, LLC,

        Plaintiffs,

v.

COWBOY NATION SPORTS MARKETING, LLC,
GOLD SPHERE SPORTS MARKETING, LLC,
BIG BLUE SPORTS MARKETING, LLC,
VICTORY TOWN SOLUTIONS, LLC,
GREEN MOUNTAIN SPORTS MARKETING LLC,
NU HORIZON ENTERPRISES, LLC, d/b/a
POETRYY FINANCE, INC., and
DELON TURNER,

        Defendants.

CASE NO.: 1:25-cv-24216-RS

JUDGE RODNEY SMITH

**JOINT SCHEDULING REPORT**

Plaintiffs, IMG COLLEGE, LLC, COWBOY SPORTS PROPERTIES, LLC, CRIMSON TIDE SPORTS MARKETING, LLC, and CYCLONE SPORTS PROPERTIES, LLC (the "Plaintiffs"), and Defendants, COWBOY NATION SPORTS MARKETING, LLC, GOLD SPHERE SPORTS MARKETING, LLC, BIG BLUE SPORTS MARKETING, LLC, VICTORY TOWN SOLUTIONS, LLC, GREEN MOUNTAIN SPORTS MARKETING LLC, and NU HORIZON ENTERPRISES, LLC, d/b/a POETRYY FINANCE, INC. (the "Corporate Defendants"), through counsel and pursuant to S.D. Fla. L.R. 16.1, file the Joint Scheduling Report.

**A.**      **LIKELIHOOD OF SETTLEMENT**

      The parties have discussed the possibility of a settlement, but no offers or demands have been made despite the intention of doing so.

**B.** **THE LIKELIHOOD OF APPEARANCE IN THE ACTION OF ADDITIONAL PARTIES**

The parties do not believe additional parties will appear in this case.  Defendant, Delon Turner, has not yet been served.

**C.** **PROPOSED LIMITS ON THE TIME**

The parties propose that the deadline to join additional parties and to amend pleadings be April 30, 2026.

The parties propose that the deadline to complete discovery, including expert discovery, be 180 days after the court scheduling case management conference.

The parties propose that the deadline to file dispositive motions and *Daubert* motions be 30 days after the discovery deadline.

The parties propose that the deadline to file motions in limine and other pre-trial motions be 30 days before pretrial conference.

**D.** **PROPOSALS FOR THE FORMULATION AND SIMPLIFICATION OF ISSUES, INCLUDING THE ELIMINATION OF FRIVOLOUS CLAIMS OR DEFENSES, AND THE NUMBER AND TIMING OF MOTIONS FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**

The parties do not anticipate frivolous claims or defenses, and will work diligently to simplify all issues.

The parties propose that the deadline to file dispositive motions be 30 days after the discovery deadline.

**E.** **THE NECESSITY OR DESIRABILITY OF AMENDMENTS TO THE PLEADINGS**

The parties believe that they should have an opportunity to conduct some discovery before determining whether the pleadings should be amended.

**F.** **THE POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION OR THINGS WHICH WILL AVOID UNNECESSARY PROOF, STIPULATIONS REGARDING AUTHENTICITY OF DOCUMENTS, ELECTRONICALLY STORES INFORMATION OR THINGS, AND THE NEED FOR ADVANCE RULINGS FROM THE COURT ON ADMISSIBILITY OF EVIDENCE**

The parties may be able to stipulate on certain facts in the case, but do not anticipate the need for advance rulings from the Court on admissibility of evidence at this juncture.

**G.**     **SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND OF CUMULATIVE EVIDENCE**

None at this time.

**H.**     **SUGGESTIONS ON THE ADVISABILITY OF REFERRING MATTERS TO A MAGISTRATE JUDGE OR MASTER**

The parties do not have any objection to discovery issues being referred to a magistrate judge.

**I.**     **A PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL**

The parties believe that this case can be tried in two days.

**J.**     **REQUESTED DATE OR DATES FOR CONFERENCES BEFORE TRIAL, A FINAL PRETRIAL CONFERENCE, AND TRIAL**

The parties request that the pretrial conference occur 14 days before trial.  The trial date should be scheduled for 30 days after the court rules on dispositive motions and/or motions in limine.

**K.**     **ANY ISSUES ABOUT:**

(i)     **Disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced:**

(ii)     **Claims of privilege or of protection for trial-preparation materials, including - - if the parties agree on a procedure to assert those claims after production - - whether to ask the court to include their agreement in an order under Federal Rules of Evidence 502; and**

(iii)     **Whether the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist, and**

The parties intend to produce ESI in load files with appropriate metadata.

Original documents or the best available documents should be produced. The parties have not yet determined whether they will enter into a separate agreement concerning claims of privilege.

3

The parties have not yet determined whether they wish to use the ESI Checklist at this time.

L.   **ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT IN SETTING THE CASE FOR STATUS OR PRETRIAL CONFERENCE**

None at this time.

Dated: March 9, 2026.

/s/ *Jordan M. Zornes*
Jordan M. Zornes (FL #1039171)
James E. Von Der Heydt
(Admitted *Pro Hac Vice*)
Roger A. Boyer
(Admitted *Pro Hac Vice*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
216.363.4500 telephone
216.363.4588 facsimile
jzornes@beneschlaw.com
jvonderheydt@beneschlaw.com
rboyer@beneschlaw.com
**Attorneys for Plaintiffs**

/s/ *Wendell Locke*
Wendell Locke, For the Firm
Florida Bar No. 119260
wendell@lockefirm.com
**LOCKE LAW, P.A.**
8201 Peters Road
Suite 1000
Plantation, Florida 33324
954.382.8858 telephone
954.827.0998 facsimile
www.lockefirm.com
**Attorneys for Corporate Defendants**